UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PIZZERIA UNO CORPORATION,<br>Plaintiff, | )<br>)<br>)<br>) |  |
| v. | ) | CIVIL ACTION NO. |
| PIZZA BY PUBS, INC., JOSEPH M.<br>EWAYS, II and LAILA E. MOORE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) |  |

## COMPLAINT

The Plaintiff, Pizzeria Uno Corporation ("Pizzeria Uno"), brings this action against the Defendants Pizza By Pubs, Inc. ("Pizza By Pubs"), Joseph M. Eways, II ("Eways") and Laila E. Moore ("Moore") (collectively, "Defendants") to recover damages incurred as a result of the Defendants' breach of franchise agreements, breach of guaranties and breach of a promissory note.

### JURISDICTION AND VENUE

1.  This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on complete diversity of citizenship between the parties and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2.  This Court may exercise personal jurisdiction over the Defendants because, pursuant to various franchise agreements executed by the Defendants, as described in further detail below, the Defendants contractually agreed to submit themselves to the jurisdiction of this Court.

414477v1

3.  Venue is proper in this district under 28 U.S.C. § 1391(a) because the Defendants, pursuant to various franchise agreements, contractually agreed that venue for all litigation matters between the parties concerning the franchise agreement would be exclusively in the courts of Massachusetts.

## PARTIES

4.  The Plaintiff, Pizzeria Uno, is a Delaware corporation with its principal offices located at 100 Charles Park Road, West Roxbury, Massachusetts.

5.  The Defendant, Pizza By Pubs, is a Pennsylvania corporation with a principal place of business located at 2201 Ridgewood Road, Suite 310, Wyomissing, Pennsylvania 19610.

6.  The Defendant Eways is an individual with a residential address, upon information and belief, of 3344 Paper Mill Road, Sinking Spring, Pennsylvania 19608.

7.  The Defendant Moore is an individual with a residential address, upon information and belief, of 3344 Paper Mill Road, Sinking Spring, Pennsylvania 19608.

## FACTUAL BACKGROUND

8.  Pizzeria Uno is in the business of franchising full service casual theme restaurants featuring "Chicago Style" deep dish pizza and other food and beverage products.

### 2713 North Meridian Boulevard, Wyomissing, Pennsylvania

9.  On or about November 30, 2000, Pizza By Pubs, as franchisee, entered into a Franchise Agreement (the "North Meridian Boulevard Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at 2713 North

Meridian Boulevard, Wyomissing, Pennsylvania (the "North Meridian Boulevard Restaurant"). A copy of the North Meridian Boulevard Agreement is attached hereto as <u>Exhibit A</u>.

10. The Defendants Eways and Moore both executed the North Meridian Boulevard Agreement as Controlling Principals of Pizza By Pubs.

11. Simultaneously with the execution of the North Meridian Boulevard Agreement, the Defendants Eways and Moore signed a personal Guaranty (the "North Meridian Boulevard Guaranty") whereby they jointly and severally agreed to be bound by the terms of the North Meridian Boulevard Agreement and to "unconditionally and irrevocably guarantee to Franchisor [Pizzeria Uno] and its successors and assigns that all of the obligations of franchisee [Pizza By Pubs] under the Agreement [the North Meridian Boulevard Agreement] will be punctually paid and performed." A copy of the North Meridian Boulevard Guaranty is included at Attachment G at p. G-1 to the North Meridian Boulevard Agreement.

<u>401 South Tryon Street, Charlotte, North Carolina</u>

12. On or about March 13, 2003, Pizza By Pubs, as franchisee, entered into a Franchise Agreement (the "South Tryon Street Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at 401 South Tryon Street, Charlotte, North Carolina (the "South Tryon Street Restaurant"). A copy of the South Tryon Street Agreement is attached hereto as <u>Exhibit B</u>.

13. The Defendants Eways and Moore both executed the South Tryon Street Agreement as Controlling Principals of Pizza By Pubs.

14. Simultaneously with the execution of the South Tryon Street Agreement, the Defendants Eways and Moore signed a personal Guaranty (the "South Tryon Street Guaranty") whereby they jointly and severally agreed to be bound by the terms of the South Tryon Street

Agreement and to "unconditionally and irrevocably guarantee to Franchisor [Pizzeria Uno] and its successors and assigns that all of the obligations of franchisee [Franchise By Pubs] under the Agreement [the South Tryon Street Agreement] will be punctually paid and performed." A copy of the South Tryon Street Guaranty is included at Attachment G at p. G-1 to the South Tryon Street Agreement.

<u>8401 Brier Creek Parkway, Raleigh, North Carolina</u>

15. On or about June 18, 2003, Pizza By Pubs, as franchisee, entered into a Franchise Agreement (the "Brier Creek Parkway Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at 8401 Brier Creek Parkway, Raleigh, North Carolina (the "Brier Creek Parkway Restaurant"). A copy of the Brier Creek Parkway Agreement is attached hereto as <u>Exhibit C</u>.

16. The Defendants Eways and Moore both executed the Brier Creek Parkway Agreement as Controlling Principals of Pizza By Pubs.

17. Simultaneously with the execution of the Brier Creek Parkway Agreement, the Defendants Eways and Moore signed a personal Guaranty (the "Brier Creek Parkway Guaranty") whereby they jointly and severally agreed to be bound by the terms of the Brier Creek Parkway Agreement and to "unconditionally and irrevocably guarantee to Franchisor [Pizzeria Uno] and its successors and assigns that all of the obligations of franchisee [Franchise By Pubs] under the Agreement [the Brier Creek Parkway Agreement] will be punctually paid and performed." A copy of the Brier Creek Parkway Guaranty is included at Attachment G at p. G-1 to the Brier Creek Parkway Agreement.

### 1202 Celebrity Circle, Myrtle Beach, South Carolina

18.     On or about March 12, 2004, Pizza By Pubs, as franchisee, entered into a Franchise Agreement (the "Celebrity Circle Agreement") with Pizzeria Uno, as franchisor, which governed the opening and operation of a Pizzeria Uno restaurant at 8401 Brier Creek Parkway, Raleigh, North Carolina (the "Celebrity Circle Restaurant").  A copy of the Celebrity Circle Agreement is attached hereto as Exhibit D.

19.     The Defendants Eways and Moore both executed the Celebrity Circle Agreement as Controlling Principals of Pizza By Pubs.

20.     Simultaneously with the execution of the Celebrity Circle Agreement, the Defendants Eways and Moore signed a personal Guaranty (the "Celebrity Circle Guaranty") whereby they jointly and severally agreed to be bound by the terms of the Celebrity Circle Agreement and to "unconditionally and irrevocably guarantee to Franchisor [Pizzeria Uno] and its successors and assigns that all of the obligations of franchisee [Franchise By Pubs] under the Agreement [the Celebrity Circle Agreement] will be punctually paid and performed."  A copy of the Celebrity Circle Guaranty is included at Attachment G at p. G-1 to the Celebrity Circle Agreement.

### The Promissory Note

21.     On or about February 19, 2009, the Defendant Eways, individually and as President of Pizza By Pubs, executed and delivered a promissory note (the "Promissory Note") in favor of Pizzeria Uno in the original principal amount of $98,200.00(the "Principal Balance"), with interest, payable as provided therein.  A copy of the Promissory Note is attached hereto as Exhibit E.

22. The maturity date of the Promissory Note, as defined in Section 2.2, is February 1, 2011.

23. Section 2.1(c) of the Promissory Note provides that the Principal Balance shall bear interest at the rate of six (6%) percent annually (the "Loan Rate"), prior to any default under the terms of the Note.

24. Section 2.4 of the Promissory Note provides that the failure of Eways and/or Pizza By Pubs to make any payment due or to fulfill any condition due to Pizzeria Uno under any other contract between the parties shall constitute a default.

25. Section 2.2(B) of the Promissory Note provides that the Promissory Note shall immediately become due and payable in the event that Pizza By Pubs fails, refuses or neglects to promptly pay any monies owing to Pizzeria Uno under the franchise agreements between Pizzeria Uno and Pizza By Pubs (including the North Meridian Boulevard Agreement, the South Tryon Street Agreement, the Brier Creek Parkway Agreement and the Celebrity Circle Agreement).

26. Section 3.5 of the Promissory Note provides that, in the event of a default under the Promissory Note, the Principal Balance shall accrue interest at a rate of four (4%) percent over the Loan Rate until the debt and collection expenses have been paid in full.

27. Section 3.2 of the Promissory Note provides that, if Pizzeria Uno brings legal proceedings to collect any payment owing under the Promissory Note, Eways and Pizza By Pubs shall reimburse Pizzeria Uno for the reasonable fees and disbursements of collection, including attorneys' fees.

## COUNT I
### (Breach of North Meridian Boulevard Agreement- Franchise By Pubs)

28. Pizzeria Uno realleges and incorporates by reference the allegations contained in paragraphs 1 through 11 of this Complaint as if fully set forth herein.

29. Pursuant to Article IV(B)(1) of the North Meridian Boulevard Agreement, Pizza By Pubs agreed to pay to Pizzeria Uno royalty fees equal to the greater of five percent (5%) of Pizza By Pubs' monthly gross sales or one thousand dollars ($1,000) per month (the "Royalty Fees").

30. Pizza By Pubs failed to pay Royalty Fees to Pizzeria Uno for the North Meridian Boulevard Restaurant for various time periods from April, 2009 through October, 2009 as required by the North Meridian Boulevard Agreement.

31. Pursuant to Section VII(A) of the North Meridian Boulevard Agreement, Pizza By Pubs agreed to pay to Pizzeria Uno a non-refundable weekly "Business Co-op Fee" in an amount designated by Pizzeria Uno, but not to exceed 1% of Pizza By Pubs' gross sales, to cover Pizza By Pubs' share of advertising and marketing costs incurred by Pizzeria Uno (the "Business Co-op Fees").

32. Pizza By Pubs failed to pay Pizzeria Uno Business Co-op Fees for the North Meridian Boulevard Restaurant for various time periods from April, 2009 through October, 2009 as required by the North Meridian Boulevard Agreement.

33. Pizza By Pubs failed to pay Pizzeria Uno miscellaneous fees as required by the North Meridian Boulevard Agreement for various time periods from May, 2009 through October, 2009.

34. Pursuant to Section XVI(A)(3) of the North Meridian Boulevard Agreement, the failure of Pizza By Pubs to pay promptly any monies owing to Pizzeria Uno constitutes an event

of material default for which Pizzeria Uno has an absolute right to terminate the North Meridian Boulevard Agreement subject only to an opportunity to cure the default within ten (10) days upon receipt of a written notice of default from Pizzeria Uno.

35. On October 26, 2009, Pizzeria Uno sent via overnight mail a demand letter to the Defendants notifying them that Pizza By Pubs was in default of the North Meridian Boulevard Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees, calculated as of the date of the letter to be $53,479.71, plus interest.

36. Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the October 26, 2009 letter.

37. Pursuant to Section IV(E) of the North Meridian Boulevard Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

38. Pursuant to Section XVI(D) of the North Meridian Boulevard Agreement, Pizza By Pubs and the Controlling Principals agreed to pay "all damages, costs and expenses, including interest and reasonable attorneys' fees, incurred by Franchisor [Pizzeria Uno] in connection with successfully obtaining any remedy available to Franchisor [Pizzeria Uno] for any violation of this Agreement and subsequent to the termination or expiration of this Agreement in obtaining injunctive or other relief...."

39. As a result of Pizza By Pubs' defaults under the North Meridian Boulevard Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $63,626.86, plus costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the North Meridian Boulevard Agreement.

## COUNT II
### (Breach of North Meridian Boulevard Guaranty- Eways and Moore)

40. Pizzeria Uno realleges and incorporates by reference the allegations contained in paragraphs 1 through 11 and 28 through 39 of this Complaint as if fully set forth herein.

41. Pursuant to the North Meridian Boulevard Guaranty, Defendants Eways and Moore are obligated to pay the amounts owed to Pizzeria Uno for Pizza By Pubs' breach of the North Meridian Boulevard Agreement.

42. Eways and Moore have failed to pay the amounts owed to Pizzeria Uno pursuant their obligations under the North Meridian Boulevard Guaranty.

43. As a result of Eways and Moore's breach, Pizzeria Uno has suffered harm and is entitled to recover damages in the amount of $63,626.86, plus costs, expenses, additional interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with it efforts to enforce the North Meridian Boulevard Agreement.

## COUNT III
### (Breach of South Tryon Street Agreement- Franchise By Pubs)

44. Pizzeria Uno realleges and incorporates by reference the allegations in paragraphs 1 through 8 and 12 through 14 of this Complaint as if fully set forth herein.

45. Pursuant to Article IV(B)(1) of the South Tryon Street Agreement, Pizza By Pubs agreed to pay to Pizzeria Uno royalty fees equal to the greater of five percent (5%) of Pizza By Pubs' monthly gross sales or one thousand dollars ($1,000) per month (the "Royalty Fees").

46. Pizza By Pubs failed to pay Royalty Fees to Pizzeria Uno for the South Tryon Street Restaurant for various time periods from May, 2009 through October, 2009 as required by the South Tryon Street Agreement.

47. Pursuant to Section VII(A) of the South Tryon Street Agreement, Pizza By Pubs agreed to pay to Pizzeria Uno a non-refundable weekly "Business Co-op Fee" in an amount designated by Pizzeria Uno, but not to exceed 1% of Pizza By Pubs' gross sales, to cover Pizza By Pubs' share of advertising and marketing costs incurred by Pizzeria Uno (the "Business Co-op Fees").

48. Pizza By Pubs failed to pay Pizzeria Uno Business Co-op Fees for the South Tryon Street Restaurant for various time periods from May, 2009 through October, 2009 as required by the South Tryon Street Agreement.

49. Pizza By Pubs failed to pay Pizzeria Uno miscellaneous fees as required by the South Tryon Street Agreement for various time periods from June, 2009 through October, 2009.

50. Pursuant to Section XVI(A)(3) of the South Tryon Street Agreement, the failure of Pizza By Pubs to pay promptly any monies owing to Pizzeria Uno constitutes an event of material default for which Pizzeria Uno has an absolute right to terminate the South Tryon Street Agreement subject only to an opportunity to cure the default within ten (10) days upon receipt of a written notice of default from Pizzeria Uno.

51. On October 26, 2009, Pizzeria Uno sent via overnight mail a demand letter to the Defendants notifying them that Pizza By Pubs was in default of the South Tryon Street Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees, calculated as of the date of the letter to be $20,945.80, plus interest.

52. Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the October 26, 2009 letter.

53. Pursuant to Section IV(E) of the South Tryon Street Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by

Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

54. Pursuant to Section XVI(D) of the South Tryon Street Agreement, Pizza By Pubs and the Controlling Principals agreed to pay "all damages, costs and expenses, including interest and reasonable attorneys' fees, incurred by Franchisor [Pizzeria Uno] in connection with successfully obtaining any remedy available to Franchisor [Pizzeria Uno] for any violation of this Agreement and subsequent to the termination or expiration of this Agreement in obtaining injunctive or other relief...."

55. As a result of Pizza By Pubs' defaults under the South Tryon Street Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $27,609.89, plus costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the South Tryon Street Agreement.

## COUNT IV
### (Breach of South Tryon Street Guaranty- Eways and Moore)

56. Pizzeria Uno realleges and incorporates by reference the allegations in paragraphs 1 through 8, 12 through 14 and 44 through 55 of this Complaint as if fully set forth herein.

57. Pursuant to the South Tryon Street Guaranty, Defendants Eways and Moore are obligated to pay the amounts owed to Pizzeria Uno for Pizza By Pubs' breach of the South Tryon Street Agreement.

58. Eways and Moore have failed to pay the amounts owed to Pizzeria Uno pursuant their obligations under the South Tryon Street Guaranty.

59. As a result of Eways and Moore's breach, Pizzeria Uno has suffered harm and is entitled to recover damages in the amount of $27,609.89, plus costs, expenses, additional interest

and reasonable attorneys' fees incurred by Pizzeria Uno in connection with it efforts to enforce the South Tryon Street Agreement.

## COUNT V
### (Breach of Brier Creek Parkway Agreement- Franchise By Pubs)

60. Pizzeria Uno realleges and incorporates by reference the allegations in paragraphs 1 through 8 and 15 through 17 of this Complaint as if fully set forth herein.

61. Pursuant to Article IV(B)(1) of the Brier Creek Parkway Agreement, Pizza By Pubs agreed to pay to Pizzeria Uno royalty fees equal to the greater of five percent (5%) of Pizza By Pubs' monthly gross sales or one thousand dollars ($1,000) per month (the "Royalty Fees").

62. Pizza By Pubs failed to pay Royalty Fees to Pizzeria Uno for the Brier Creek Parkway Restaurant for various time periods from May, 2009 through October, 2009 as required by the Brier Creek Parkway Agreement.

63. Pursuant to Section VII(A) of the Brier Creek Parkway Agreement, Pizza By Pubs agreed to pay to Pizzeria Uno a non-refundable weekly "Business Co-op Fee" in an amount designated by Pizzeria Uno, but not to exceed 1% of Pizza By Pubs' gross sales, to cover Pizza By Pubs' share of advertising and marketing costs incurred by Pizzeria Uno (the "Business Co-op Fees").

64. Pizza By Pubs failed to pay Pizzeria Uno Business Co-op Fees for the Brier Creek Parkway Restaurant for various time periods from May, 2009 through October, 2009 as required by the Brier Creek Parkway Agreement.

65. Pizza By Pubs failed to pay Pizzeria Uno miscellaneous fees as required by the Brier Creek Parkway Agreement for various time periods from April, 2009 through October, 2009.

66. Pursuant to Section XVI(A)(3) of the Brier Creek Parkway Agreement, the failure of Pizza By Pubs to pay promptly any monies owing to Pizzeria Uno constitutes an event of material default for which Pizzeria Uno has an absolute right to terminate the Brier Creek Parkway Agreement subject only to an opportunity to cure the default within ten (10) days upon receipt of a written notice of default from Pizzeria Uno.

67. On October 26, 2009, Pizzeria Uno sent via overnight mail a demand letter to the Defendants notifying them that Pizza By Pubs was in default of the Brier Creek Parkway Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees, calculated as of the date of the letter to be $39,143.60, plus interest.

68. Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the October 26, 2009 letter.

69. Pursuant to Section IV(E) of the Brier Creek Parkway Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

70. Pursuant to Section XVI(D) of the Brier Creek Parkway Agreement, Pizza By Pubs and the Controlling Principals agreed to pay "all damages, costs and expenses, including interest and reasonable attorneys' fees, incurred by Franchisor [Pizzeria Uno] in connection with successfully obtaining any remedy available to Franchisor [Pizzeria Uno] for any violation of this Agreement and subsequent to the termination or expiration of this Agreement in obtaining injunctive or other relief...."

71. As a result of Pizza By Pubs' defaults under the Brier Creek Parkway Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $46,573.03, plus

costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the Brier Creek Parkway Agreement.

## COUNT VI
### (Breach of Brier Creek Parkway Guaranty- Eways and Moore)

72. Pizzeria Uno realleges and incorporates by reference the allegations in paragraphs 1 through 8, 15 through 17 and 60 through 71 of this Complaint as if fully set forth herein.

73. Pursuant to the Brier Creek Parkway Guaranty, Defendants Eways and Moore are obligated to pay the amounts owed to Pizzeria Uno for Pizza By Pubs' breach of the Brier Creek Parkway Agreement.

74. Eways and Moore have failed to pay the amounts owed to Pizzeria Uno pursuant their obligations under the Brier Creek Parkway Guaranty.

75. As a result of Eways and Moore's breach, Pizzeria Uno has suffered harm and is entitled to recover damages in the amount of $46,573.03, plus costs, expenses, additional interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with it efforts to enforce the Brier Creek Parkway Agreement.

## COUNT VII
### (Breach of Celebrity Circle Agreement- Franchise By Pubs)

76. Pizzeria Uno realleges and incorporates by reference the allegations in paragraphs 1 through 8 and 18 through 20 of this Complaint as if fully set forth herein.

77. Pursuant to Article IV(B)(1) of the Celebrity Circle Agreement, Pizza By Pubs agreed to pay to Pizzeria Uno royalty fees equal to the greater of five percent (5%) of Pizza By Pubs' monthly gross sales or one thousand dollars ($1,000) per month (the "Royalty Fees").

78. Pizza By Pubs failed to pay Royalty Fees to Pizzeria Uno for the Celebrity Circle Restaurant for various time periods from May, 2009 through October, 2009 as required by the Celebrity Circle Agreement.

79. Pursuant to Section VII(A) of the Celebrity Circle Agreement, Pizza By Pubs agreed to pay to Pizzeria Uno a non-refundable weekly "Business Co-op Fee" in an amount designated by Pizzeria Uno, but not to exceed 1% of Pizza By Pubs' gross sales, to cover Pizza By Pubs' share of advertising and marketing costs incurred by Pizzeria Uno (the "Business Co-op Fees").

80. Pizza By Pubs failed to pay Pizzeria Uno Business Co-op Fees for the Celebrity Circle Restaurant for various time periods from May, 2009 through October, 2009 as required by the Celebrity Circle Agreement.

81. Pizza By Pubs failed to pay Pizzeria Uno miscellaneous fees as required by the Celebrity Circle Agreement for various time periods from April, 2009 through October, 2009.

82. Pursuant to Section XVI(A)(3) of the Celebrity Circle Agreement, the failure of Pizza By Pubs to pay promptly any monies owing to Pizzeria Uno constitutes an event of material default for which Pizzeria Uno has an absolute right to terminate the Celebrity Circle Agreement subject only to an opportunity to cure the default within ten (10) days upon receipt of a written notice of default from Pizzeria Uno.

83. On October 26, 2009, Pizzeria Uno sent via overnight mail a demand letter to the Defendants notifying them that Pizza By Pubs was in default of the Celebrity Circle Agreement for failure to pay Royalty Fees, Business Co-op Fees and miscellaneous fees, calculated as of the date of the letter to be $72,399.84, plus interest.

84. Despite demand, the Defendants have failed to take any steps to cure the defaults identified in the October 26, 2009 letter.

85. Pursuant to Section IV(E) of the Celebrity Circle Agreement, all past due payments shall bear simple interest due from the due date until the payment is received by Pizzeria Uno at the rate of one and one-half percent (1½%) per month on the unpaid balance, or the maximum rate allowed by applicable law, whichever is less.

86. Pursuant to Section XVI(D) of the Celebrity Circle Agreement, Pizza By Pubs and the Controlling Principals agreed to pay "all damages, costs and expenses, including interest and reasonable attorneys' fees, incurred by Franchisor [Pizzeria Uno] in connection with successfully obtaining any remedy available to Franchisor [Pizzeria Uno] for any violation of this Agreement and subsequent to the termination or expiration of this Agreement in obtaining injunctive or other relief...."

87. As a result of Pizza By Pubs' defaults under the Celebrity Circle Agreement, Pizzeria Uno has suffered harm and is entitled to damages in the amount of $78,602.86, plus costs, expenses, interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with its efforts to enforce the Celebrity Circle Agreement.

## COUNT VIII
### (Breach of Celebrity Circle Guaranty- Eways and Moore)

88. Pizzeria Uno realleges and incorporates by reference the allegations in paragraphs 1 through 8, 18 through 20 and 76 through 87 of this Complaint as if fully set forth herein.

89. Pursuant to the Celebrity Circle Guaranty, Defendants Eways and Moore are obligated to pay the amounts owed to Pizzeria Uno for Pizza By Pubs' breach of the Celebrity Circle Agreement.

90. Eways and Moore have failed to pay the amounts owed to Pizzeria Uno pursuant their obligations under the Celebrity Circle Guaranty.

91. As a result of Eways and Moore's breach, Pizzeria Uno has suffered harm and is entitled to recover damages in the amount of $46,573.03, plus costs, expenses, additional interest and reasonable attorneys' fees incurred by Pizzeria Uno in connection with it efforts to enforce the Celebrity Circle Agreement.

## COUNT IX
### (Breach of Promissory Note- Eways and Pizza By Pubs)

92. Pizzeria Uno realleges and incorporates by reference the allegations in paragraphs 1 through 91 of this Complaint as if fully set forth herein.

93. As a result the defaults by Pizza By Pubs under the franchise agreements as set forth in Counts I, III, V and VII above, all amounts due under the Promissory Note are immediately due and payable to Pizzeria Uno.

94. By letter dated November 9, 2009, counsel for Pizzeria Uno sent a notice to Counsel for Eways and Pizza By Pubs declaring all amounts due under the Promissory Note to be immediately due and payable and made demand for payment in full.

95. Eways and Pizza By Pubs have failed to pay the balance due under the Promissory Note.

96. As of November 4, 2009, the total outstanding balance due and owing to Pizzeria Uno by Eways and Pizza By Pubs under the Promissory Note is $66,763.74, plus attorneys' fees and costs.

**WHEREFORE**, the Plaintiff Pizzeria Uno Corporation requests that this Court:

a). enter judgment in favor of Pizzeria Uno Corporation against Defendant Pizza By Pubs, Inc. on Count I in the amount $63,626.86, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

b). enter judgment in favor of Pizzeria Uno Corporation against Defendants Joseph M. Eways, II and Laila E. Moore on Count II in the amount of $63,626.86, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

c). enter judgment in favor of Pizzeria Uno Corporation against Defendant Pizza By Pubs, Inc. on Count III in the amount $27,609.89, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

d). enter judgment in favor of Pizzeria Uno Corporation against Defendants Joseph M. Eways, II and Laila E. Moore on Count IV in the amount of $27,609.89, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

e). enter judgment in favor of Pizzeria Uno Corporation against Defendant Pizza By Pubs, Inc. on Count V in the amount $46,573.03, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

f). enter judgment in favor of Pizzeria Uno Corporation against Defendants Joseph M. Eways, II and Laila E. Moore on Count VI in the amount of $46,573.03, plus such amount as

the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

g). enter judgment in favor of Pizzeria Uno Corporation against Defendant Pizza By Pubs, Inc. on Count VII in the amount $78,602.86, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs;

h). enter judgment in favor of Pizzeria Uno Corporation against Defendants Joseph M. Eways, II and Laila E. Moore on Count VIII in the amount of $78,602.86, plus such amount as the Court determines for Pizzeria Uno Corporation's additional damages, interest, expenses, reasonable attorneys' fees and costs; and

i). enter judgment in favor of Pizzeria Uno Corporation against Defendants Joseph M. Eways, II and Pizza By Pubs, Inc. in the amount of $66,763.74, together with interest accrued to date, late fees, costs and expenses, including reasonable attorneys' fees disbursements and court costs incurred by the plaintiff in enforcing the Defendant's obligations under the Promissory Note.

**PIZZERIA UNO CORPORATION,**

By its attorneys,

/s/ James F. Radke
_____
Michael P. Connolly - BBO 637642
mconnolly@murthalaw.com
James F. Radke - BBO 667299
jradke@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone: 617.457.4000
Facsimile: 617.482.3868

Dated: November 24, 2009